O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL BAEK, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>RADISH MEDIA, INC., SEUNG YOON LEE, ANKUR JAIN, and DOES 1 through 25, inclusive,<br><br>        Defendants. | CV 18-7475-RSWL-RAO<br><br>**ORDER re: Defendant's Motion To Dismiss For Improper Service of Process [10]** |

    Plaintiff Paul Baek ("Plaintiff") brought the instant Action against Seung Yoon Lee ("Defendant"), among others,[1] asserting claims based on labor law, tort, and breach of contract. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff also filed his Complaint against Radish Media, Inc. ("Radish"), Ankur Jain, and Does 1 through 25 inclusive.

("FRCP") 12 (b)(2) and 12 (b)(5) ("Motion"). For the reasons set forth below, the Court chooses to **Quash Service of Process.**

## I. BACKGROUND

**A.  Factual Background**

Radish Media, Inc.[2] ("Radish") "provides a meeting place for fiction readers seeking unique content and writers with fresh voices on human issues looking to reach people outside of the traditional publishing house model." Compl. ¶ 11, ECF No. 1-1. Defendant is the founder and CEO of Radish. Id. ¶ 13. Plaintiff started working for Radish in July 2016 as Head of Content and Operations, and became Radish's Chief Operating Officer in March 2017. Id. ¶¶ 11-14.

Plaintiff alleges that he learned Defendant had been engaging in misconduct in his position as CEO of Radish, including making extravagant personal expenditures, buying third party itunes accounts to write fake reviews about Radish, making false claims in interviews to attract investors, and engaging in inappropriate work behavior. Id. ¶¶ 15-18, 21. All along, Defendant told Plaintiff to misrepresent the company's health to other executive-level employees, and threatened to fire Plaintiff if he did not follow

---

[2] Radish is incorporated under the laws of Delaware, and there is dispute over whether its American headquarters are in New York, New York, or San Francisco, California. See Decl. of Doohaeng Lee ¶ 4, ECF No. 1-4; Decl. of Paul Baek ¶ 2, ECF No. 16-1; Reply 4:2-6, ECF No. 17.

orders. Id. ¶ 22. Eventually, Plaintiff reported this information to the other executive-level employees. Id. ¶ 27. In June 2017, Plaintiff was called into a meeting and was terminated because the company feared Plaintiff had or would expose the company's unlawful practices to investors. Id. ¶ 30. During the meeting, Defendant offered to pay Plaintiff to sign a general release with a confidentiality clause, but Plaintiff refused and filed suit. Id. ¶¶ 31, 32.

Defendant was born in South Korea and has resided there his entire life.[3] Decl. of Seung Yoon Lee in Support of Removal ("Lee Decl. for Removal") ¶ 2, ECF No. 1-3. Plaintiff served Defendant via certified mail to Radish's New York address pursuant to California Code of Civil Procedure Sections 415.40 and 416.10. Proof of Service Ex. A, ECF. No. 1-1.

**B. Procedural Background**

On July 18, 2018, Plaintiff filed his Complaint [1] in state court alleging fourteen claims. The following claims were specifically alleged against Defendant: (1) intentional interference with contractual relations;

---

[3] In Plaintiff's Complaint, he alleges that Defendant is a resident of California, County of Los Angeles. Compl. ¶ 3. However, Defendant refutes this assertion in his Declaration and in his Motion to Dismiss, and Plaintiff does not argue or present any evidence establishing that he resided in California as alleged. See Lee Decl. for Removal ¶ 12; Mot. to Dismiss 1:14-16, ECF No. 10. Thus, the Court finds that Defendant is not a resident of California. See Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) ("The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion.").

(2) intentional interference with prospective economic relations; (3) negligent interference with prospective economic relations; (4) violation of California Business & Professions Code § 17200, *et seq.*; and (5) violation of California business & Professions Code § 17500, *et seq.* On August 24, 2018, Defendant Radish filed its Notice of Removal [1-2]. On August 31, 2018, Defendant filed the instant Motion to Dismiss for failure to properly serve him and lack of jurisdiction over him [10].[4] Plaintiff timely opposed [16], and Defendant timely replied [17].

## II. DISCUSSION

### A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. Service of process is specifically governed by Federal Rule of Civil Procedure 4.

Where the validity of service is contested, the burden is on the party claiming proper service to establish the validity of that service. <u>Cranford v. United States</u>, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Upon determining that process has not been properly served on a defendant, "district courts possess broad discretion to either dismiss the

---

[4] This Motion to Dismiss only pertains to Defendant Seung Yoon Lee, and not the other parties named as Defendants in this Action.

4

plaintiff's complaint for failure to effect service or to retain the case but quash service that has been made on defendant." Id. See Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

**B.  Discussion**

   1.  FRCP 12(b)(5)

Federal courts "cannot exercise personal jurisdiction over a defendant without proper service of process." CytoSport, Inc. v. Cytogenix Sports Labs., SRL, No. CIV.2:10-700 WBS KJM, 2010 U.S. Dist. LEXIS 136245, at *5 (E.D. Cal. Dec. 21, 2010) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). Pursuant to FRCP 4(f)(1), plaintiff may serve an individual "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Article 1 of the Hague Convention provides that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Entered into Force for the United States, Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163.

Defendant has resided in South Korea his entire life. Lee Decl. for Removal ¶ 2. South Korea and the

United States are signatories of the Hague Convention. South Korea objects to Article 10 of the Hague Convention which allows for service by mail.[5]  See Republic of Korea Declarations and Reservations, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=408&disp=resdn (last visited Oct. 11, 2018).  Moreover, to properly serve an individual in South Korea per the Hague Convention, a plaintiff must serve a translated version of the Complaint through South Korea's designated Central Authority, as required by the Hague Convention.  See Applied Medical Distribution Corp. v. AH Sung Int'l, Inc., 2016 WL 7626475, (C.D. Cal. June 2, 2016) (describing the first step under the Hague Convention for serving an individual in South Korea is to send the complaint, summons, and all related documents to South Korea's Central Authority, which then must effect service on the individual).

Plaintiff failed to comply with the Hague convention because Plaintiff served Defendant by mailing an English copy of the Complaint to Radish's New York Office.  Opp'n at 9:15-18.  Plaintiff argues that at the time of service, the case was venued in the Los Angeles Superior Court and service was proper under

---

[5] Specifically, Article 10(a) provides that, as long as the "State of destination" does not object, the Convention "shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." The Republic of Korea has objected to Article 10.

California law. Opp'n at 9:18-20. However, this fact does not change the analysis, as California Code of Civil Procedure Section 413.10(c) provides that its rules outlining methods for serving individuals outside of the United States, are "subject to the provisions of the Convention on the 'Service Abroad of Judicial and Extrajudicial Documents' in Civil or Commercial Matters (Hague Service Convention)." See also Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies."). Thus, Plaintiff's failure to comply with the Hague Convention renders his attempted service improper.

As a remedy for Plaintiff's failure to properly serve Defendant, Defendant requests that the Court Dismiss the claims against him. However, because "there is a reasonable prospect that Plaintiff will ultimately be able to serve Defendant properly," the Court exercises its discretion to quash service instead. Harfouche v. Wehbe, No. 2:13-cv-00615-LDG-NJK, 2014 WL 12646049, *3 (D. Nev. March 14, 2014). As such, Plaintiff shall have 45 days from the date of this Order to effectuate proper service.

2. FRCP 12(b)(2)

Because the Court finds that Plaintiff did not properly serve Defendant, the Court lacks personal

jurisdiction over Defendant. <u>Direct Mail Specialists v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P.4."). As such, the Court vacates as moot, without prejudice, the Motion to Dismiss for Lack of Personal Jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court chooses to **QUASH Service of Process** per Defendant's Motion pursuant to 12(b)(5). The Court further requires Plaintiff to properly serve Defendant within 45 days of this Order.

**IT IS SO ORDERED.**

DATED: November 16, 2018     s/ RONALD S.W. LEW
                                            **HONORABLE RONALD S.W. LEW**
                                            Senior U.S. District Judge